William John Snape, III (DC Bar No. 455266)
Justin Augustine (CA Bar No. 235561), *pro hac vice application pending*
Center for Biological Diversity
1411 K Street, NW
Washington, D.C. 20005
(202) 536-9351
bsnape@biologicaldiversity.org
1212 Broadway, Suite 800
Oakland, CA 94612
(415) 436-9682
jaugustine@biologicaldiversity.org

*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF COLUMBIA**

| | |
|---|---|
| CENTER FOR BIOLOGICAL DIVERSITY, 378 N. Main Street, Tucson, Arizona 85701 | Civ. No. 1:15-cv-2176 |
| Plaintiff, | **COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF** |
| v. | |
| THOMAS TIDWELL, CHIEF, U.S. FOREST SERVICE; UNITED STATES DEPARTMENT OF AGRICULTURE; and UNITED STATES FOREST SERVICE, | |
| Defendants. | |

Page 1 – Complaint

# INTRODUCTION

1. Plaintiff Center for Biological Diversity challenges the U.S. Forest Service's establishment and ongoing utilization of a "California Spotted Owl Conservation Strategy Team" for purposes of providing the Forest Service with Habitat Management Recommendations as to the California spotted owl and its forest habitat in the Sierra Nevada Region, in violation of the Federal Advisory Committee Act, 5 U.S.C. § App. II ("FACA"), and the Administrative Procedure Act (APA), 5 U.S.C. §§ 701 et seq.

2. As relief, Plaintiff requests that this Court: (a) enter declaratory judgment finding that Federal Defendant violated FACA; and (b) permanently enjoin future reliance on and implementation of any product of the "California Spotted Owl Conservation Strategy Team".

# JURISDICTION

3. Jurisdiction is proper in this Court pursuant to 28 U.S.C. §§ 1331 (federal question), 2201 (injunctive relief), 2202 (declaratory relief), and 28 U.S.C. § 1346 (United States as a defendant). This cause of action arises under the laws of the United States, including the Federal Advisory Committee Act, 5 U.S.C. § App. II and the Administrative Procedure Act (APA), 5 U.S.C. §§ 701 et seq.. The requested relief is proper under 28 U.S.C. §§ 2201 & 2202, and 5 U.S.C. §§ 705 & 706.

4. Noncompliance with obligations under FACA constitutes agency action. Accordingly, district courts have federal question jurisdiction over APA claims alleging FACA violations.

# VENUE

5. Venue in this Court is proper under 28 U.S.C § 1391.

# PARTIES

6. Plaintiff Center for Biological Diversity (the Center) is a non-profit corporation with offices in Oakland, Los Angeles, and Joshua Tree, California; Oregon; Washington; Arizona; New Mexico; Alaska; and Washington, D.C. The Center is actively involved in species

and habitat protection issues throughout North America and has more than 45,000 members. One of the Center's primary missions is to protect and restore habitat and populations of imperiled species, including the California spotted owl.

7. The Center's members and staff include individuals who would participate in, attend meetings of, and/or read and address documents associated with, the "California Spotted Owl Conservation Strategy Team." Further, the Center's members and staff include individuals who regularly use and intend to continue to use the National Forests of the Sierra Nevada Region, including the lands that are habitat for the California spotted owl; these members and staff frequently and repeatedly use California spotted owl habitat for observation, research, aesthetic enjoyment, and other long-standing recreational, scientific, spiritual, and educational activities.

8. These members' and staff's interests will be irreparably harmed by their inability to participate in, attend meetings of, or obtain documents associated with, the "California Spotted Owl Conservation Strategy Team." Further, these members' and staff's interests will be irreparably harmed by the potential impacts to owl habitat from the recommendations, or lack of necessary recommendations, of the "California Spotted Owl Conservation Strategy Team."

9. This suit is brought by the Center, on behalf of itself and its adversely affected members and staff. Plaintiff and its members' present and future interests will be directly and adversely affected by the challenged actions.

10. In addition, Plaintiff and its members and staff have an interest in ensuring that Defendants comply with all applicable laws, regulations, and procedures pertaining to the management of national forest lands.

11. Because Defendants' actions violate FACA, and deny Plaintiff a specific guaranteed voice in the administrative agency process, a favorable decision by this Court will redress the actual, imminent and continuing injuries to Plaintiff.

12. Defendant United States Department of Agriculture ("USDA") is an agency of the United States. The USDA is responsible for the administration and management of the federal

lands impacted by the actions of the "California Spotted Owl Conservation Strategy Team," as well as the implementation of FACA and the APA.

13. Defendant United States Forest Service is an agency of the United States Department of Agriculture. The Forest Service is responsible for the administration and management of the federal lands impacted by the actions of the "California Spotted Owl Conservation Strategy Team," as well as the implementation of FACA and the APA.

## LEGAL BACKGROUND

14. FACA was enacted, in part, based on the finding that "Congress and the public should be kept informed with respect to the number, purpose, membership, activities, and cost of advisory committees." 5 U.S.C. App. 2, § 2(b)(5).

15. FACA mandates that federal agencies abide by certain procedural requirements to safeguard public accountability and governmental transparency.

16. FACA imposes requirements on agencies when they establish or utilize any advisory committee, which is defined as a group of individuals, including at least one non-federal employee, which provides advice or recommendations to the agency. 5 U.S.C. App. II § 3(2).

17. When an agency seeks to obtain such advice or recommendations, it must ensure the advisory committee is "in the public interest," 5 U.S.C. App. II § 9(2), is "fairly balanced in terms of points of view represented and the function to be performed," *id*. at § 5(b)(2), and does not contain members with inappropriate special interests, *id*. at § 5(b)(3). If these criteria are satisfied, the agency must file a charter for the FACA committee. *Id*. at § 9(c).

18. Once an advisory committee is operating, the agency must also comply with requirements designed to ensure public access and participation. Among other requirements, an advisory committee must provide adequate public notice of, and conduct, open meetings, *id*. at § 10(b), and must make transcripts of meetings available to the public, *id*. at §§ 10(b), 11(a).

19. All documents made available to, or prepared by, an advisory committee must be "publicly accessible." *Id*. at § 10(b).

Page 4 – Complaint

20. The APA confers a right of judicial review on any person that is adversely affected by agency action. 5 U.S.C. § 702. Upon review, the court shall "hold unlawful and set aside agency actions . . . found to be arbitrary, capricious, an abuse of discretion or otherwise not in accordance with the law." 5 U.S.C. § 706(2).

**FACTUAL BACKGROUND**

21. California spotted owls are known to be in a steep decline on Forest Service lands in the Sierra Region (e.g., Conner et al. 2013), due in part to threats to their forest habitat from logging, thus warranting the recent positive Endangered Species Act 90-day finding for the species. *See* 80 Fed. Reg. 56423, 56426 (September 18, 2015). A positive ESA 90-day finding is the first step in the ESA listing process, and means that California spotted owls "may warrant" formal ESA listing. Currently, as a result of the 90-day finding, the U.S. Fish and Wildlife Service is conducting a "status review" of the owls pursuant to the ESA.

22. In October of 2014, the U.S. Department of Agriculture and the U.S. Forest Service formally agreed to produce a "Conservation Strategy" for the California spotted owl.

23. In response to a list of "experts" that Defendants were considering relying upon for the "Conservation Strategy," Plaintiff, on July 9, 2015, sent a letter to Defendants asking that the list of experts be expanded in order to ensure a fairly balanced team of experts, to ensure a robust dialogue, and to ensure transparency.

24. On September 25, 2015, the U.S. Forest Service issued a memorandum that formally "convened a team of experienced managers and scientific advisors" to "develop a Conservation Strategy" for the California spotted owl.

25. This "team" established by Defendants consists of at least 17 members, four of whom are non-federal employees. The team, however, does not include any experts that Plaintiff recommended.

26. The team is tasked with providing advice and recommendations as to California spotted owl conservation in the Sierra Nevada Region.

27. Because the September memorandum did not explain how the team's actions would be transparent or comply with FACA, and because the team did not include any experts identified by Plaintiff, on October 13, 2015, Plaintiff sent a letter to the Forest Service that (a) again requested that additional experts be included, (b) pointed out that the team's structure was not conducive to spotted owl conservation, and (c) explained that FACA, and FACA's core purposes—e.g., transparency and a balanced approach, were being violated.

28. Because Plaintiff did not receive any feedback from Defendants as to the FACA issue, on November 10, 2015, Plaintiff sent another letter to the Forest Service that again pointed out Plaintiff's concerns about the lack of transparency and the lack of FACA compliance.

29. To date, Plaintiff has not received any substantive response from Defendants as to the FACA issue, and instead, Plaintiff's concerns about openness and transparency are now a reality because the Team has already had one in-person meeting, and this meeting was closed to the public despite repeated requests from Plaintiff (and other members of the public) to attend. Moreover, documents associated with the meeting, as well as documents associated with the Team's actions thus far, have not been released to the public despite repeated requests for them.

30. Additional closed meetings are planned for 2016.

31. FACA exists to promote what Plaintiff and the public have been seeking as to the California Spotted Owl Strategy: an open and transparent process, and a balanced team that represents the public interest and is focused on owl conservation rather than the agency's logging goals. FACA, for example, "ensure[s] that advisory committees to federal agencies are transparent and adequately represent the public interest," and "obligates the government to make open and available to the public the meetings and records of advisory committees generally." *Idaho Wool Growers Assoc. v. Schafer*, 637 F.Supp.2d 868, 871 (D. Idaho 2009).

32. Plaintiff has worked on California spotted owl conservation issues for over a decade and believes that both the lack of transparency and the lack of a balanced team will

1 result in a Conservation Strategy that fails to meaningfully address and ensure owl conservation,
2 and will instead lead to further harm to California spotted owls.

## CLAIMS FOR RELIEF

## FIRST CLAIM FOR RELIEF

### Violations of FACA and the APA

33. The above allegations are incorporated herein by reference.

34. By establishing and/or utilizing the "California Spotted Owl Conservation Strategy Team" in the interest of obtaining advice or recommendations, obtaining and using the Team's advice, failing to have a Team that is fairly balanced in terms of the points of view represented and the functions to be performed, not opening the Team's meeting(s) to the public, not making Team's documents available to the public, and/or otherwise permitting the Team to meet without complying with FACA, Defendants are violating FACA, and acting in a manner which is arbitrary, capricious, and contrary to law, in violation of the Administrative Procedure Act, 5 U.S.C. § 706.

## SECOND CLAIM FOR RELIEF

### Violations of FACA and the APA

35. The above allegations are incorporated herein by reference.

36. By engaging in a pattern and practice of violating FACA, Defendants have acted, and are acting, in a manner which is arbitrary, capricious and contrary to law, in violation of the Administrative Procedure Act, 5 U.S.C. § 706.

## REQUEST FOR RELIEF

**Plaintiff respectfully requests that this Court:**

(1) Declare that Defendants have violated FACA with respect to the "California Spotted Owl Conservation Strategy Team";

Page 7 – Complaint

(2) Declare that Defendants are engaged in a pattern and practice of violating FACA with regard to the "California Spotted Owl Conservation Strategy Team";

(3) Order Defendants to release all materials related to the "California Spotted Owl Conservation Strategy Team";

(4) Enjoin Defendants from utilizing or relying upon the advice of the "California Spotted Owl Conservation Strategy Team";

(5) Order Defendants to open up the "California Spotted Owl Conservation Strategy Team" so that it is "fairly balanced" and otherwise complies with FACA in its meetings;

(6) Enjoin Defendants from continuing to engage in a pattern and practice of violating FACA;

(7) Award Plaintiff their costs, attorneys' fees, and other disbursements for this action;

(8) Grant Plaintiff such other and further relief as this Court may deem proper and just.

Respectfully submitted this 15th day of December, 2015,

_____/s/  WJS III_____

William John Snape, III (DC Bar No. 455266)
Justin Augustine (CA Bar No. 235561), *pro hac vice application pending*
Center for Biological Diversity
1411 K Street, NW
Washington, D.C. 20005
(202) 536-9351
bsnape@biologicaldiversity.org
1212 Broadway, Suite 800
Oakland, CA 94612
(415) 436-9682
jaugustine@biologicaldiversity.org

*Attorneys for Plaintiff*